IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAI LAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Insurance Company in Cause No. 017-284289-16, pending in the 17th Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1     On or about March 10, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Tai Lam v. Allstate Vehicle and Property Insurance Company*, Cause No. 017-284289-16, pending in the 17th Judicial District Court of Tarrant County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

1.2     Plaintiff served Defendant Allstate Vehicle and Property Insurance Company ("Allstate") with Plaintiff's Original Petition and process on March 15, 2016, by certified mail through its registered agent, CT Corporation System.

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-3" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Tarrant County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition, ¶ 1. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

B. **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.5     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.6     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.7     Plaintiff's demand letter of March 10, 2016 (*See* Exhibit C) states that Plaintiff is willing to settle the case for $57,016.62. However, Plaintiff has specifically pled that he is seeking monetary relief of up to $100,000. *See* Plaintiff's Original Petition, ¶ 4. Plaintiff seeks

18% interest and attorney fees. *See* Plaintiff's Original Petition, ¶ 39. Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶¶ 43, 51. Plaintiff seeks 18% (eighteen percent) interest per annum on the amount of such claim as damages. *See* Plaintiff's Original Petition, ¶ 52. Plaintiff seeks compensatory damages, exemplary damages and damages for emotional stress. *See* Plaintiff's Original Petition, ¶ 53. Plaintiff seeks to be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, and costs of court. *See* Plaintiff's Original Petition, ¶ 58. As such, Plaintiff's alleged damages greatly exceed $75,000.00.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Allstate was served with Plaintiff's Original Petition and process on March 15, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4   Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendant files this Notice.

# IV.
# CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Property Insurance Company hereby removes this case to this Court for trial and determination.

                          Respectfully submitted,

                          */s/ John B. Reyna*
                          John B. Reyna
                          State Bar No. 24098318
                          jreyna@thompsoncoe.com
                          Roger D. Higgins
                          State Bar No. 09601500, IL 6182756
                          rhiggins@thompsoncoe.com

                          THOMPSON, COE, COUSINS & IRONS, L.L.P.
                          700 North Pearl Street, 25th Floor
                          Dallas, Texas 75201
                          Telephone:     (214) 871-8200
                          Fax:           (214) 871-8209

                          ATTORNEYS FOR DEFENDANT
                          ALLSTATE VEHICLE AND PROPERTY
                          INSURANCE COMPANY

# CERTIFICATE OF SERVICE

This is to certify that on April 14, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

        Matthew J. Worrall
        William H. Barfield
        Andrew A. Woellner
        THE POTTS LAW FIRM, LLP
        100 Waugh Drive, Suite 350
        Houston, Texas 77007

                          */s/ John B. Reyna*
                          John B. Reyna